No. 183.—R. T. STINSON v: W. H. HILL, Sheriff, et als.

An injunction will not lie to restrain the execution of a final judgment on the ground that the amount is erroneous.

The property of the surety on the official bond of the sheriff can not be seized and sold under a judgment against the principal and surety, until that of the principal has been discussed.

APPEAL from the District Court, parish of Bossier.  *Levisee, J:*  *Griffin & Snider,* for plaintiff and appellant.  *Williamson & Turner,* for defendants and appellees.

HOWE, J.  The appellant, plaintiff, was one of the sureties upon the bond of L. F. Steel, sheriff of Bossier parish.  In August, 1867, final judgment was rendered by this court against the administrator of Steele, and against Robert T. Stinson and Austin Martin as sureties *in solido,* in favor of Taylor, Knapp & Co., for the sum of $631 78, with interest at eight per cent. per annum from March 30, 1853, till paid. See Taylor *v.* Hancock, 19 Ann. 463.

Execution was issued on this judgment, and placed in the hands of the defendant, Hill, for enforcement.  The property of the plaintiff, Stinson, being thereupon seized, he procured the injunction now before us, upon the grounds, *first,* that the amount demanded in satisfaction of the writ exceeded in capital and interest the sum of one thousand dollars, to which amount he had limited his liability on the bond ; and *second,* that the bond having been recorded in compliance with law, January 7, 1863, operated as a mortgage upon the property of Steele, and that by law Taylor, Knapp & Co. could not, under the judgment upon this bond, make any sale of the property of the sureties until that of the principal, Steele, had first been discussed.  The petition set forth certain property of the succession of Steele, from which it was averred the judgment might be satisfied.  The answer was a general denial.  There was judgment in the court below dissolving the injunction, and plaintiff has appealed.

The first ground urged for the injunction is insufficient at this time. It should have been pleaded, if at all, before the judgment, the execution of which is sought to be restrained, was rendered.  The judgment of August, 1867, is final, and its amount can not now be diminished. The court below, therefore, properly refused, as appears by a bill of exceptions, to permit inquiry into the amount for which the plaintiff was originally liable upon the bond.

But the second reason for the injunction has more force.  It appears by a bill of exceptions that the plaintiff offered evidence to prove that there was sufficient unencumbered property belonging to the succession of Steele, which plaintiff pointed out in his petition, to satisfy the execution enjoined ; but that the court, upon the objection of defendants, excluded the testimony.

We are of opinion that there was error in this ruling.  The plaintiff

was not urging a defense that could have been pleaded only in the action in which the judgment of August, 1867, was rendered; nor was he attempting to review or revise that judgment. He was merely striving to regulate its execution in accordance with the law upon the subject. The statute provides that whenever an execution shall issue upon a judgment rendered upon a bond like the one in question; it shall be lawful for the officer to whom it may be directed to seize and sell according to law any lands which may have belonged to the principal obligor at the date of the registry of his official bond, without regard to any subsequent transfer or change of title, and in whatever hands the same shall be found—and that no sale shall be made of the property of the sureties until that of the principal shall have been discussed. R. S. 1856, pp. 67, 63. This law seems to be imperative in its provisions, and to prescribe a method of executing the judgment in this case from which no deviation should be permitted.

For the reasons given it is ordered and adjudged that the judgment appealed from he avoided and reversed, and that the cause be remanded for a new ', and to be proceeded with according to law, and that the appellees pay the costs of the appeal.